```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF INDIANA
                     SOUTH BEND DIVISION
```

ROMAN FINNEGAN, et al.,            )
                                   )
Plaintiffs,                        )
                                   )
vs.                                )    NO. 3:08-CV-503
                                   )
LAUREL MYERS, et al.,              )
                                   )
Defendants.                        )

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss or Alternatively to Strike Plaintiffs' Complaint, filed by Defendants, Laurel Myers, Regina McAninch, Tracy Salyers, Reba James, James Payne and Jennifer McDonald, on February 18, 2009. For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Laurel Myers, Regina McAninch, Tracy Salyers, Reba James, James Payne and Jennifer McDonald (collectively "Defendants"), move to dismiss the complaint filed by Plaintiffs, Roman Finnegan, Lynnette Finnegan, individually and on behalf of Katelynn Salyer, her minor child, and Tabitha Abair, arguing it fails to comport with the short and plain statement of the claim required by Rule 8 of the Federal Rules of Civil Procedure. Alternatively, Defendants ask that the Court strike the entire complaint pursuant to Rule

12(b) because it contains redundant and immaterial matters.

The facts of this case are many, but it is not necessary for the Court to completely delve into the extensive record at this time. Simply put, Plaintiffs have sued Defendants, Detective Jennifer McDonald and workers from the Indiana Department of Child Services (DCS), who Plaintiffs allege repeatedly and wrongfully claimed that Roman and Lynnette Finnegan medically neglected or murdered Lynnette's 14-year old daughter, Jessica Salyer. The events of this case span the course of three and a half years and have been the subject of a coroner's inquest, four Child in Need of Services ("CHINS") proceedings, criminal proceedings, and review before an administrative law judge and Judge Patrick Blankenship, Special Judge in the Pulaski County Superior Court.

DISCUSSION

Rule 8 provides that in order to state a proper claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993) (quotation omitted). Additionally, Rule 12(f) provides that a court may strike from a pleading "any

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Rule 8

First, Defendants ask the Court to dismiss the complaint under Rule 8, complaining that it is "so long and complicated as to render it basically useless as a tool for identifying the salient facts upon which Plaintiffs base their sought-after relief." (Mem. In Supp. Of Mot. To Dismiss, p. 1.) Plaintiffs' complaint in this case is 63 pages long with 166 paragraphs. The facts section covers 59 pages and 153 paragraphs. Defendants complain that the sheer volume of the complaint renders it a virtual abuse of process, and that it imposes a hardship on them to respond to such a complaint. (Mem. In Supp. Of Mot. To Dismiss, p. 2.)

Plaintiffs' action is brought under 42 U.S.C. section 1983, seeking redress for alleged violation of their civil rights under state law, federal law, and the First, Fourth, Sixth and Fourteenth Amendments to the United States Constitution. (Compl. ¶ 1.) Following the lengthy fact section, the complaint clearly sets forth five enumerated counts under the subheading "legal claims." (Compl., pp. 59-63.)

Plaintiffs respond that because Courts used to impose a heightened pleading requirement for actions brought under section 1983, and because the Seventh Circuit still requires plaintiffs to

provide sufficient facts to support their claims (*see Sims v. County of Bureau et al.*, 506 F.3d 509, 514 (7th Cir. 2007)), Plaintiffs considered it the best practice to provide facts to address claims of immunity or lack of official position. (Resp. to Mot. To Dismiss, p. 10.) Nevertheless, Plaintiffs' complaint must still comport with Rule 8(a).

The cases cited by Defendants in their memorandum are either distinguishable or do not support their argument. For example, in *Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 776 (7th Cir. 1994), although the Court frowned on the "confusing, redundant, and seemingly interminable amended complaint," the district court decided not to dismiss it under Rule 8(a), and the Seventh Circuit also analyzed the complaint on its merits in determining whether it stated a proper claim. Several of the cases cited by Defendants dismissed the complaints because of failure to state a claim (*not* lack of a short and plain statement). *See, e.g., Richmond v. Nationwide Cassel, L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (affirming dismissal of complaint where it failed to satisfy RICO requirement of alleging persons separate from the enterprises); *McCready v. eBay, Inc.*, 453 F.3d 882, 888-91 (7th Cir. 2006) (affirming dismissal under Rule 12(b)(6) where plaintiff failed to allege the statutory requirements under the FCRA and FDCPA and failed to establish jurisdiction); *Mann v. Boatright*, 477 F.3d 1140, 1147-48 (10th Cir. 2007) (affirming dismissal of nearly

all of plaintiff's claims because they were barred by the *Rooker-Feldman* doctrine, and mentioning that plaintiff's complaint was additionally unintelligible).

In *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374 (7th Cir. 2003), the Seventh Circuit did affirm dismissal of a complaint for failure to plead fraud with particularity and for failure to comply with Rule 8(a), but that case is quite different from this one. First, the district court allowed the defendant multiple opportunities, with specific instructions, to draft a pleading with a concise statement of the claim. An example of what the Court got in the third amended complaint under a paragraph entitled "more definite statement" is as follows:

> Claim for $2,584,926.04, MDS Ex. 1, TAC Ex. 47, submitted on August 9, 1993 and related payments by T.A. Sieverson, Vice-President of Lockheed Integrated Solutions Company, Lockheed Corporation to VA Contracting Officer Steve Stapleton for equipment and service provided during Phase I and Phase II of the OA & MM/ISMS LAN/WAN PROJECT. See TAC ¶¶ 141-181, 217-243, 252, 280-282, 291-295.

*Id.* at 77. The allegations in *Garst* were absolutely indecipherable. To the contrary, in this case, the facts in Plaintiffs' complaint are intelligible. The facts are set forth chronologically and clearly tell a comprehensible story.

As pointed out by Plaintiffs, two cases cited by Defendants actually contradict their position. In *Davis v. Ruby Foods*, 269 F.3d 818, 819 (7th Cir. 2001), the Seventh Circuit declined to dismiss a complaint under Rule 8 that was not short, concise, or

5

plain, but rather highly repetitious, and contained irrelevant and "downright weird touches." The Court declined to dismiss it, finding the complaint performed the essential function of putting the defendant on notice of plaintiff's claim. Judge Posner went on to analyze the question of:

> whether a district court is authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading. As our use of the word 'disposable' implies, we think not, and therefore that it is an abuse of discretion . . . to dismiss a complaint merely because of the presence of superfluous matter. That would cast district judges in the role of editors, screening complaints for brevity and focus; they have better things to do with their time. In our many years of judging, moreover, we cannot recall many complaints that actually met the standard of chaste, Doric simplicity implied by Rule 8 and the model complaints in the Forms Appendix. Many lawyers strongly believe that a complaint should be comprehensive rather than brief and therefore cryptic. They think the more comprehensive pleading assists the judge in understanding the case and provides a firmer basis for settlement negotiations. This judgment by the bar has been accepted to the extent that complaints signed by a lawyer are never dismissed simply because they are not short, concise, and plain.

*Id.* at 820 (citations omitted); *see also Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) (upholding district court's choice not to dismiss complaint "stuffed with material that is irrelevant and difficult even to understand" because it stated a proper claim). This Court completely concurs with Judge Posner's eloquent analysis of the exact issue in this case.

Here, the Court believes Plaintiffs' complaint does meet the

requirements of Rule 8(a). It adequately performs the notice function prescribed for by complaints by the civil rules, and the mere presence of extraneous matter does not warrant dismissal. *Davis*, 269 F.3d at 820.

Rule 12

Defendants' request that the complaint be stricken in its entirety under Rule 12(f) because "nearly the entire complaint consists of redundant and immaterial matters" is also denied. Defendants do not identify any specific redundant or immaterial claim in the complaint. Judge Posner specifically warned litigants against this in *Davis*:

> We also take this opportunity to advise defense counsel against moving to strike extraneous matter unless its presence in the complaint is actually prejudicial to the defense. Such motions are what give 'motion practice' a deservedly bad name.

*Davis*, 269 F.3d at 821 (citation omitted).

CONCLUSION

For the aforementioned reasons, the Motion to Dismiss or Alternatively to Strike Plaintiffs' Complaint is **DENIED**.

**DATED: April 7, 2009**             /s/RUDY LOZANO, Judge
                                     **United States District Court**