# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| ROMAN FINNEGAN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) NO. 3:08-CV-503 |
| | ) |
| LAUREL MYERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Objections to the Magistrate Judge's June 5, 2012 Order, filed by Plaintiffs, Roman Finnegan *et al.*, on June 20, 2012 (DE #92). For the reasons set forth below, the objection is **OVERRULED**. Moreover, to the extent that the State Defendants argue in their response (DE #98) that Johnathon Abair should not have been added as a Plaintiff, that objection is also **OVERRULED**.

BACKGROUND

Plaintiffs filed the instant Petition for Review pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), objecting to the June 5, 2012 order ("Order") entered by United States Magistrate Judge Christopher A. Nuechterlein (DE #90). The Magistrate's order granted leave to amend the complaint to include

a new plaintiff (Johnathon Abair) and a new defendant (Dr. John Cavanaugh), but denied leave to add two additional defendants, Ms. Pherson and Mr. Boonstra, private attorneys retained by the Department of Child Services ("DCS"). Judge Nuechterlein held it was futile to add Ms. Pherson and Mr. Boonstra (a married couple who represented DCS interchangeably), because they "were acting in their capacity as attorneys for DCS in the CHINS proceeds against Finnegan. As a result, *Millspaugh* and *Pelham* dictate that they are entitled to absolute immunity." (DE #90, pp. 5-6.)

In their response, the State Defendants set forth two arguments: (1) the Magistrate's ruling denying the request to add claims against Boonstra and Pherson should be upheld; and (2) this Court should reverse the Magistrate's decision finding that the claims by the proposed additional plaintiff, Johnathon Abair, are not barred by the statute of limitations and are not futile. (DE #98.) Plaintiffs contend that because the State Defendants did not timely file an objection to the Magistrate's ruling, they cannot then argue in their response that Abair was improperly added. (DE #100.)

DISCUSSION

A district court's review of any discovery-related decisions made by a magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides that, "[t]he

2

district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). The clear error standard means the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). With that admonishment in mind, this Court will review Magistrate Judge Nuechterlein's rulings in the Order relating to proposed plaintiff Abair and proposed defendants Boonstra and Pherson.

Boonstra and Pherson

The Magistrate found that absolute immunity attached to Pherson and Boonstra, DCS attorneys, and therefore, it would not be appropriate to add them to the complaint. (DE #90, pp. 5-6.) However, Plaintiffs now argue that some specific tasks performed by Pherson and Boonstra were outside their scope of prosecutorial duties, and criticize the Magistrate for not engaging in a "task-specific" analysis, but rather granting blanket immunity to Pherson and Boonstra based upon their positions as DCS attorneys in the CHINS proceedings.

As noted by the Magistrate, the Seventh Circuit has held that social workers are entitled to absolute immunity, even assuming

3

they act out of improper motives and mislead the Court. *See Millspaugh v. County Dep't of Public Welfare of Wabash County*, 937 F.2d 1172, 1176 (7th Cir. 1991). The same type of absolute immunity attaches to attorneys in CHINS proceedings. *See Pelham v. Albright*, No. 3:11 CV 99, 2012 WL 1600455, at *7 (N.D. Ind. May 4, 2012).

It is true that courts have taken a task-specific approach to determining whether absolute immunity applies, and this truism was acknowledged by the Magistrate in his opinion. *See Houston v. Partee*, 978 F.2d 362, 366 (7th Cir. 1992); (DE #90, p. 5). In *Pelham*, the plaintiffs alleged that the state defendants participated in a conspiracy to place false testimony and information before a court, and that court found that "[a]bsolute immunity clearly protects these defendants from a lawsuit based on these alleged acts, as the alleged conduct is 'intimately associated with the judicial process.'" *Pelham*, 2012 WL 1600455, at *7 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Thus, the defendants were "protected by absolute immunity for these alleged actions despite the fact that they may have misled the court or possessed improper motives." *Id.* (citing *Millspaugh*, 937 F.2d at 1176).

Likewise, here, the Plaintiffs alleged that Boonstra and Pherson were involved in the CHINS petitions, participated in judicial hearings and detention hearings, were active in discovery,

4

and interacted with the Finnegans' counsel. (DE #92, pp. 7-19.) This Court does not believe it was "clear error" for the Magistrate to find that this alleged conduct was "intimately associated with the judicial process," *Imbler*, 424 U.S. at 430, and thus Boonstra and Pherson were acting in their capacity as attorneys for DCS, and are entitled to absolute immunity.

Johnathon Abair

The State Defendants argue that it was improper for the Magistrate to allow Plaintiffs to amend the complaint to add Johnathon Abair, Lynnette Finnegan's son, as a plaintiff. The complaint alleges that Johnathon had a good relationship with his mother and stepfather until January 29, 2007, when "Det. McDonald told him, falsely, that Jessica had been murdered and that his mother and stepfather were blaming him. These false claims destroyed Johnathon's relationship with his parents." (DE #87-1, p. 92.) The first amended complaint alleges that "Jonathon did not learn that Det. McDonald had provided him with false information and had falsely reported on the information that he had provided until the night before his August 2011 deposition." (DE #87-1, p. 93.)

The State Defendants contend that adding Johnathon Abair at this late stage of the proceedings violates the statute of limitations. However, Plaintiffs contend that the false actions

continued until final disposition of the matter on May 14, 2010, and that Johnathon Abair did not learn about the false reports and Defendants' reckless and intentional conduct until the eve of his August 2011 deposition - thus the claims are timely filed within the two-year statute of limitations. (DE #89, pp. 6-7.) Taking the allegations in the complaint at face value, the Court does not believe the Magistrate committed a clear error of law in allowing Johnathon Abair to be added as a plaintiff.[1] The State Defendants also argue that Johnathon Abair has no standing because federal law does not provide a remedy for a sibling to sue for the alleged improper removal of a sibling from the parents' home. (DE #98, p. 7.) However, a close read of the complaint shows that Johnathon Abair is not claiming damages strictly based upon the removal of his sister and half-sister from his mother's home. The first amended complaint alleges that the false claims of Detective McDonald "destroyed Johnathon's relationship with his parents." (DE #87-1, p. 92.) Thus, Johnathon Abair does have standing.

CONCLUSION

For the aforementioned reasons, Plaintiffs' Objections to the Magistrate Judge's June 5, 2012 Order, is **OVERRULED**. To the extent that the State Defendants' argue in their response that Johnathon

---

[1] Because the State Defendants' objection fails on the merits, the Court declines to analyze whether it was timely.

Abair should not have been added as a Plaintiff, that objection is also **OVERRULED**.


**DATED: July 24, 2012**          /s/ RUDY LOZANO, Judge
                                  United States District Court