IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROMAN FINNEGAN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | NO. 3:08-CV-503 |
| ) | |
| LAUREL MYERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the Objection to Magistrate Judge's Order Precluding Expert Reports and Limiting Discovery, filed by Plaintiffs on July 24, 2013 (DE #161).  For the reasons set forth below, the objection is **GRANTED IN PART and OVERRULED IN PART**.  Plaintiffs' objection to the Magistrate Judge's order precluding expert reports is **GRANTED**, and this matter is **referred back to Judge Nuechterlein to set a new deadline for expert reports.**  The objection to the Magistrate Judge limiting the Plaintiffs to three final depositions is **OVERRULED** and this ruling stands.

BACKGROUND

Plaintiffs filed the instant Petition for Review pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), objecting to the July 3, 2013 order ("Order") entered by United

States Magistrate Judge Christopher A. Nuechterlein (DE #159). The Magistrate's order declined to extend the deadline for Plaintiffs to serve expert reports (which was February 1, 2010), and limited Plaintiffs to 3 more depositions within the discovery period, to be completed by September 2, 2013. (DE #159.)

In their objection, Plaintiffs ask that Magistrate Judge Nuechterlein's order be reversed, allowing them an extension to file expert reports and to conduct additional depositions.

DISCUSSION

A district court's review of any discovery-related decisions made by a magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Rule 72(a) provides that, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). The clear error standard means the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). With that admonishment in mind, this Court will review Magistrate Judge Nuechterlein's rulings.

First, Judge Nuechterlein's ruling regarding the expert reports seems tied to Defendants' counsel representing to the Court

2

that Plaintiffs made no disclosures under Rule 26.  (DE #161, pp. 6-8.)  To the contrary, Plaintiffs now have shown proof that they provided their initial Rule 26(a)(1) disclosures on June 1, 2009, which contained specific details about each medical witness and curriculum vitas.  (*Id.*, pp. 8-13.)  Additionally, they indicated their medical witnesses in response to interrogatories.  (*Id.*, p. 14.)  Thus, Judge Nuechterlein's ruling is clearly erroneous because it was based upon incorrect information provided to him about the Rule 26 disclosures.  Although Plaintiffs did indeed fail to provide expert reports by the initial deadline (way back in 2010), the discovery and indeed this entire case has revolved around the medical witnesses, and this Court believes it would be overly prejudicial and unfair to all parties involved to exclude these expert opinions at the summary judgment stage and/or trial.

As to limiting the Plaintiffs to three additional depositions, this Court cannot say that the Magistrate Judge made a clearly erroneous decision.  Rather, he is in the best position to judge how many additional depositions are fair, especially considering the protracted discovery in this litigation.

CONCLUSION

For the reasons set forth above, the objection is **GRANTED IN PART and OVERRULED IN PART**.  Plaintiffs' objection to the Magistrate Judge's order precluding expert reports is **GRANTED**, and

3

this matter is **referred back to Judge Nuechterlein to set a new deadline for expert reports.** The objection to the Magistrate Judge limiting the Plaintiffs to three final depositions is **OVERRULED** and this ruling stands.


**DATED: August 5, 2013**                              **/s/ RUDY LOZANO, Judge**
                                                        **United States District Court**