IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ROMAN FINNEGAN, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. 3:08-CV-503 |
| | ) | |
| LAUREL MYERS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Response to Plaintiffs' Objection to Magistrate Judge's Order and Motion to Reconsider, filed by Defendants, Laurel Myers, Regina McAnich, Tracy Salyers, Reba James, James Payne, and Jennifer McDonald, on August 12, 2013 (DE #166). For the reasons set forth below, the motion to reconsider (DE #166) is **DENIED**.

BACKGROUND

Plaintiffs filed a Petition for Review pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), objecting to the July 3, 2013 order ("Order") entered by United States Magistrate Judge Christopher A. Nuechterlein (DE #159). The Magistrate's order declined to extend the deadline for Plaintiffs to serve expert reports (which was February 1, 2010), and limited Plaintiffs to 3 more depositions within the discovery period, to be

completed by September 2, 2013.  (DE #159.)  Plaintiffs asked that Magistrate Judge Nuechterlein's order be reversed, allowing them an extension to file expert reports and to conduct additional depositions.

Because there was a limited time to finish depositions, and due to the protracted nature of this case, as a courtesy, this Court quickly ruled upon the objection to the Magistrate's order so that the parties would know how to proceed in the final few weeks of discovery.  The Court overruled Judge Nuechterlein's order precluding expert reports, referring the matter back to him to set a new deadline for expert reports.  (DE #163.)  And the Court overruled the objection limiting the Plaintiffs to three final depositions.  *Id.*  Judge Nuechterlein then ordered the Defendant expert witness disclosures and reports to be delivered to Plaintiffs by October 2, 2013.  (DE #165).

Since then, Defendant Laskey filed a response to Plaintiffs' objection (DE #164) and Defendants filed the instant response and motion to reconsider (DE #166), all of which the Court has reviewed and considered.

DISCUSSION

The purpose of a Rule 59(e) motion is to bring to the court's attention "a manifest error of law or fact, or newly discovered evidence."  *Bordelon v. Chicago School Reform Bd. of Trustees*, 233

F.3d 524, 529 (7th Cir. 2000) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).  It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Id.* (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).  It is not intended as an opportunity to reargue the merits of a case.  *See Neal v. Newspaper Holdings, Inc.* 349 F.3d 363, 368 (7th Cir. 2003) (affirming district court's decision to deny appellants' Rule 59(e) motion to alter or amend judgment where plaintiff simply reargued the merits of his case); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind.").  Moreover, the moving party must "clearly establish" a manifest error of law or an intervening change in the controlling law or present newly discovered evidence to succeed under Rule 59(e).  *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001).

In this case, reconsideration is not warranted.  This Court acknowledged in its order that Plaintiffs failed to provide expert reports by the deadline (back in 2010), but that because the discovery and entire case has revolved around the medical witnesses, it would be overly prejudicial and unfair to all the

3

parties involved to exclude expert opinions from the case. Importantly, Defendants have been aware of the medical opinions in this case for years, and they will be provided with the expert witness disclosures and reports by October 2013, thus no prejudice will be suffered.  A trial date has not even been set in this case yet, thus the parties have ample time to digest the expert disclosures and reports.


CONCLUSION

    For the reasons set forth below, the motion to reconsider (DE #166) is **DENIED**.


**DATED: August 19, 2013**                    **/s/ RUDY LOZANO, Judge**
                                                                  **United States District Court**