**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| ROMAN FINNEGAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | NO. 3:08-CV-503 |
| ) | |
| LAUREL MYERS, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

This matter is before the Court on the Renewed Motion to Stay Proceedings Related to Plaintiffs' Petition for Attorney Fees, filed by the defendants on October 14, 2016. (DE #381.) For the reasons set forth below, the motion is **GRANTED**. The Plaintiffs' Petition for Attorney Fees (DE #358) is **STAYED** during the pendency of the appeal.

BACKGROUND

On November 23, 2015, the plaintiffs, Roman Finnegan, Lynnette Finnegan, Tabitha Abair, Johnathon Abair, and Katelynn Salyer (collectively, "Plaintiffs"), by counsel, filed their Petition for Attorney Fees pursuant to 42 U.S.C. § 1988. (DE #358.) On December 7, 2015, the defendants, Laurel Myers, Regina McAninch, Reba James, and Jennifer McDonald (collectively the "State

Defendants") filed their Motion to Stay Proceedings Related to Plaintiffs' Petition for Attorney Fees. (DE #360.) On January 12, 2016, Magistrate Judge Christopher A. Nuechterlein issued an order granting the motion to stay and ordering the State Defendants to file any response to the motion for attorney fees within fourteen (14) days after the Court resolved the State Defendants' Rule 59 Motion to Alter or Amend Judgment by Reducing Damages. (DE #372.) On September 30, 2016, this Court denied the Rule 59 motion. (DE #378.)

The State Defendants filed the instant Renewed Motion to Stay Proceedings Related to Plaintiffs' Petition for Attorney Fees on October 14, 2016. (DE #381.) Plaintiffs filed their response in opposition on October 17, 2016. (DE #382.) The State Defendants filed a reply on October 24, 2016. (DE #383.) The motion to stay is thus ripe for adjudication.

DISCUSSION

Following a 42 U.S.C. section 1983 action, a court may, in its discretion, "allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988; see also *King v. Ill. State Bd. of Elections*, 410 F.3d 404, 412 (7th Cir. 2005). "A prevailing party in an action to vindicate rights protected by statutes such as 42 U.S.C. § 1983 and by the Fourteenth and Fifteenth Amendments should ordinarily recover an

attorney's fee unless special circumstances would render such an award unjust." *King*, 410 F.3d at 413 (quotation marks and citation omitted). In making a determination on an award of attorneys' fees, a court must look at many factors including the relative merit of the case and the result obtained. *Terket v. Lund*, 623 F.2d 29, 34 (7th Cir. 1980). Because the fee issue is a discretionary decision that is separate from the underlying judgment, a district court does not lose the power to rule on attorneys' fees motions once an appeal is filed. *Id*. In fact, the Seventh Circuit Court of Appeals has indicated that piecemeal appeals may be avoided in the majority of cases when district courts "proceed with attorneys' fees motions, even after an appeal is filed, as expeditiously as possible. Any party dissatisfied with the court's ruling may then file an appeal and [request] consolidation with the pending appeal of the merits." *Id*. However, while *Terket* suggests that efficiency may be served in most cases by resolving the fee issue prior to the resolution of the appeal, there is no requirement that this process be followed. *Barrington Press, Inc. v. Morey*, 816 F.2d 341, 343 (7th Cir. 1987). In a concurring opinion, the Honorable Kenneth F. Ripple wrote separately to emphasize the following:

> our holding today leaves undisturbed the settled law of this circuit that the matter of attorneys' fees need not be determined at the time that a final, appealable judgment is entered on the merits. The district court may defer ruling on attorneys' fees until a later

> time and, upon entry of a separate judgment addressing attorneys' fees, a separate appeal may be taken to this court.

*Id.* at 344 (citing *Exch. Nat'l Bank v. Daniels*, 763 F.2d 286, 294 (7th Cir. 1985); *Swanson v. Am. Consumer Indus., Inc.*, 517 F.2d 555, 561 (7th Cir. 1975)).

Here, the State Defendants argue that resolution of the attorneys' fees issue is premature because the case is "exceedingly complicated" and the appeal involves a "significant number of issues." (DE #381, p. 2.) The State Defendants point out that "[s]hould the Seventh Circuit find in favor of [the] State Defendants, even partially, the parties would have to reassess and re-determine the proper fees." (*Id.*) In response, Plaintiffs argue that the Court should deny the motion to stay proceedings because the case is not atypical in that "[t]his circumstance is present in every post-trial determination of attorney fee petitions where the non-prevailing defendants may appeal." (DE #382, p. 1.) In reply, the State Defendants point to *Barrington Press* and assert that "[i]f there was ever a case in which it would be most efficient for the district court to stay determining fees pending appeal, this would be the present case." (DE #383, p. 2.)

After due consideration, the Court agrees with the State Defendants. The complexity of the issues likely to be presented on appeal, coupled with the fact that the jury returned damages awards for five individual plaintiffs spanning numerous separate claims,

4

makes staying the determination of the attorneys' fees issue until the appeal has been fully resolved the most efficient course of action. Depending on the ruling of the Seventh Circuit Court of Appeals, the individual plaintiffs may be found to be prevailing parties on some claims but not others. As a result, certain fees and expenses would not be applicable to each plaintiff and/or every judgment; thus, determining the attorneys' fees issue once the appeal has been finalized will prevent the possibility of the parties and the Court having to reassess and recalculate the propriety of such fees. The Court finds that, in this particular case, both judicial economy and the interests of justice are best served by granting the State Defendants' motion to stay.

CONCLUSION

For the reasons set forth above, the Renewed Motion to Stay Proceedings Related to Plaintiffs' Petition for Attorney Fees (DE #381) is **GRANTED**. The Plaintiffs' Petition for Attorney Fees (DE #358) is **STAYED** during the pendency of the appeal.

DATED: December 12, 2016          /s/RUDY LOZANO, Judge
                                                               **United States District Court**